IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) CR 07-289 (See CA 14-948) |
| | ) CR 07-433 (See CA 14-949) |
| | ) |
| ROBERT SHANNONHOUSE, | ) |
| | ) |
| Defendant/Petitioner. | ) |

**MEMORANDUM OPINION**

Petitioner Robert Shannonhouse, on July 15, 2014, filed his pro se "Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. No. 156 at CR 07-289; Doc. No. 40 at CR 07-433). Upon consideration of this motion, and the Government's response thereto (Doc. No. 167 at CR 07-289; Doc. No. 49 at CR 07-433), filed on July 2, 2015, the Court, for the reasons set forth herein, will dismiss the claims in said motion still pending after the Court's June 9, 2015 Order dismissing Petitioner's claims except those arising under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013).

**I.      Background**

On December 17, 2007, Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. § 846 (Count One at CR 07-289), and one count of possession with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count One

1

at CR 07-433). In connection with his plea, Petitioner waived his "right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." In fact, he specifically confirmed at the change of plea hearing that he understood that he was waiving this right. On April 2, 2008, United States District Judge Arthur J. Schwab sentenced Petitioner to 240 months at each of the two counts, to be served concurrently, to be followed by a term of supervised release of ten years at each count, also to be served concurrently. Judgment was entered on April 3, 2008, and no appeal was filed.

On August 31, 2010, Petitioner's attorney filed a Motion for Disqualification with Citation to Authority, asking that Judge Schwab recuse himself from the case due to a conflict that had arisen in another case. Petitioner's case was subsequently reassigned to United States District Judge Alan N. Bloch on September 20, 2010. On May 23, 2013, the Court reduced Petitioner's sentence to a term of imprisonment of 180 months at Count One of the indictment filed at CR 07-289, and a term of imprisonment of 180 months at Count One of the information filed at CR 07-433, to be served concurrently. In all other respects, the sentence imposed by Judge Schwab on April 2, 2008, remained in full force and effect.

On July 15, 2014, Petitioner filed his present motion pursuant to 28 U.S.C. § 2255. Since Petitioner filed this motion more than six years after judgment was entered in his case, the Court issued an Order on July 17, 2014, requiring him to show cause why all of the issues in his motion, except those arising under Alleyne and Descamps, should not be dismissed as untimely. On September 19, 2014, Petitioner filed his response to the Court's Order. As noted above, on June 9, 2015, the Court dismissed all of the claims in Petitioner's motion as untimely except those arising under Alleyne and Descamps. The Court further provided the

Government with an opportunity to respond to these remaining claims, and for Petitioner to reply to the Government's response. While the Government did, pursuant to the Court's Order, respond to these claims, Petitioner filed no reply.

**II.        Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Petitioner filed his motion pursuant to Section 2255. This section permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). However, as the Court explained in its June 9 Order, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, the Court has already dismissed most of the claims in Petitioner's motion as untimely under this statute. The remaining two claims, though, which rely on cases decided roughly within a year of the filing of the motion, at least arguably could have been timely under subsection (f)(3). Pursuant to that subsection, there are two criteria for applying Alleyne and Descamps in the manner sought by Petitioner: (1) those cases must have announced newly recognized rights; and (2) the rights have to have been made retroactively applicable to cases on collateral review. See Dodd v. United States, 545 U.S. 353, 358 (2005). Because of the possibility of these two claims being timely under this standard, the Court decided to allow the parties to address them more fully.

In addition to potential timeliness issues, though, there is also a question of whether Petitioner waived his right to raise these issues in the first place. As the Government has pointed out in its response to Petitioner's motion, in connection with his plea, Petitioner waived his right to seek collateral relief. A criminal defendant may waive his right to file a motion under Section 2255 or to otherwise seek collateral relief, and such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of

4

the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

As noted, Petitioner failed to reply to the Government's response in which it argued that Petitioner's collateral waiver bars the present motion. He therefore is not claiming that the waiver was anything but knowing and voluntary, and the Court's own review of the record reveals nothing to the contrary. The remaining issue is whether enforcement of the waiver would work a miscarriage of justice. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). Applying those factors here, after consideration of the issues raised in the parties' various filings, as well as the Court's own evaluation of the record, demonstrates that no miscarriage of justice will occur by enforcing the collateral waiver.

Petitioner claims that he is entitled to relief under Section 2255 in light of the United States Supreme Court's decisions in Alleyne and Descamps. In Alleyne, the Supreme Court overruled its prior holding in Harris v. United States, 536 U.S. 545 (2002), which had held that a sentencing enhancement under 18 U.S.C. § 924(c) for "brandishing" a firearm that increased the mandatory minimum sentence, but not the maximum sentence, constituted a sentencing factor to be determined and applied by the sentencing judge rather than an element that must be presented and proved to a jury beyond a reasonable doubt. In overruling Harris, the Supreme Court held that any fact that increases the mandatory minimum sentence is an element

of that crime that must be submitted to a jury and found beyond a reasonable doubt, just as the case for factors that increase the statutory maximum sentence. See Alleyne, 133 S. Ct. at 2155.

Petitioner argues that the enhancement of his sentence based on his prior criminal conviction at CP-43-cr-0001083-1998 in the Mercer County Court of Common Pleas runs afoul of the holding in Alleyne because it was neither alleged in the indictment and/or information nor was it found beyond a reasonable doubt by the jury. However, as the Government points out, even if the Court were to set aside the collateral waiver and look at the merits of Petitioner's claims, the decision in Alleyne would not be of any benefit to him. The minimum sentence in Petitioner's case was increased, not by a judge-found fact that, under Alleyne, should have been an element submitted to the jury. Rather, it was increased pursuant to 21 U.S.C. §§ 841(a)(1)(A) and 851 based on the fact that Petitioner had a prior controlled substance conviction. Under Almendarez-Torres v. United States, 523 U.S. 224 (1998), prior convictions are treated as sentencing factors to be found by a judge rather than elements submitted to the jury, notwithstanding an increase in the statutorily-mandated penalties. In essence, the decision establishes the fact of a prior conviction as an exception to the general requirement that any fact that increases the statutory penalty for a crime be charged as an element of that crime and submitted to the jury. The Third Circuit has explained that the holding in Alleyne did not overrule the holding in Almendarez-Torres permitting judges to considering prior convictions that were neither charged nor submitted to the jury in increasing criminal sentences. See United States v. Blair, 734 F.3d 218, 226-27 (3d Cir. 2013); United States v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014); United States v. Dames, 556 Fed. Appx. 793, 796 (11th Cir. 2014).[1] Regardless,

---

[1] The Supreme Court itself, in Alleyne, declined to address the ongoing vitality of Almendarez-Torres. See 133 S. Ct. at 2160 n.1.

as explained above, Petitioner was ultimately re-sentenced below, and without regard to, the mandatory minimum sentence on May 23, 2013. Accordingly, Petitioner has no real claim under Alleyne, and no miscarriage of justice would result from enforcing the waiver and precluding him from raising this issue.[2]

As to the second decision, Descamps, it is not entirely clear how Petitioner believes this decision would impact his case. In Descamps, the Supreme Court addressed the manner in which courts determine whether a defendant's previous convictions constitute violent felonies for purposes of enhancing a defendant's sentence pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). Ordinarily, a conviction for possessing a firearm after being convicted of a felony carries a statutory maximum sentence of 10 years' imprisonment. However, if a defendant has three previous convictions for a "serious drug offense" or a "violent felony" or both, committed on occasions different from one another, the defendant instead faces a statutory mandatory minimum sentence of 15 years' imprisonment. Under a line of cases beginning with Taylor v. United States, 495 U.S. 575 (1990), in determining whether a defendant's previous convictions constitute serious drug offenses or violent felonies, a sentencing court is to apply what is known as the "categorical approach," i.e., it is to consider the statutory elements of the prior convictions, not the particular facts underlying the convictions. See id. at 600. There is a narrow range of cases, however, in which a sentencing court may look beyond the statutory elements of a prior conviction and employ what is known as the "modified categorical approach." This allows the court to look beyond the face of the statute to specific

---

[2] Further, even if Alleyne did have any potential impact in this case, the Third Circuit has clearly held that the decision is not retroactively applicable to cases on collateral review under the standard set forth in Teague v. Lane, 489 U.S. 288 (1989), and its progeny. See United States v. Reyes, 755 F.3d 210 (3d Cir. 2014).

7

material – including the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented – in determining which of the statute's alternative elements applied in the defendant's case. See id. at 602; Shepard v. United States, 544 U.S. 13, 17 (2005). In Descamps, the Supreme Court clarified that the modified categorical approach applies only when the statute underlying the prior conviction "lists multiple, alternative elements" rather than a "single, 'indivisible' set of elements." 133 S. Ct. at 2285, 2283. In other words, the modified categorical approach can be applied only when a statute is "divisible" and not when it is "indivisible."

Petitioner was not sentenced under the ACCA, but appears to believe that Descamps has impact on his case because he was found to be a career offender under similar provisions in the Sentencing Guidelines pursuant to USSG §§ 4B1.1 and 4B1.2.[3] However, the sentencing judge did not sentence Petitioner as a career offender but, instead, varied downward and imposed the mandatory minimum sentence. Therefore, it was not the career offender provisions of the Guidelines, but the enhancement of the statutory minimum sentence for a prior controlled substance conviction pursuant to Sections 841(a)(1)(A) and 851 discussed above that affected his original sentence.[4] Since Descamps did not address the general issue of the use of prior offenses, but, rather, focused on the specific language of the ACCA, and did not overrule Almendarez-Torres, it has no application here. See Blair, 734 F.3d at 226-27; United States v. Doe, 593 Fed. Appx. 247 (4th Cir. 2015); Murphy v. United States, No. 2:13-cv-08051-VEH,

---

[3] The language in the ACCA and in the career offender provisions of the Guidelines as it relates to the determination of "violent felonies" (as they are called in the ACCA) and "crimes of violence (as they are called in the Guidelines) is very similar, and case law interpreting one generally is also applied to the other. See United States v. Marrero, 743 F.3d 389, 395 n.2 (3d Cir. 2014).

[4] Again, Petitioner was actually re-sentenced below the mandatory minimum sentence.

8

2014 WL 1388403, at *5 (N.D. Ala. Apr. 9, 2014); United States v. Osterloth, No. CR 06-10-H-DWM, 2015 WL 2375912 (D. Mon. May 18, 2015). Further, even assuming that Descamps could apply, Petitioner does not explain how the decision would apply to any of his prior convictions or how it would affect the outcome of the case.[5]

Based on the above, the likelihood of any prejudice to Petitioner in enforcing the waiver would be minimal, given that the Court would very likely dismiss or deny the motion on other grounds. The Court further notes that, in any event, Petitioner was ultimately sentenced without regard to any statutory minimum sentence. Petitioner certainly entered into the waiver for reasons that, at the time, were quite beneficial to him based on the sentence he was facing, and, as such, he acquiesced in creating the current situation. Although, obviously, the waiver may constitute a barrier to him now, he certainly believed it to be of significant benefit at the time, and it was clearly part of the deal into which he entered, a deal that eliminated the risk that he would face a sentence exceeding 20 years, instead of forcing him to hope that the Supreme Court would later decide a case upon which he could rely for a retroactive reduction.

---

[5] In any event, as the Court explained at length in its decision in United States v. Wilson, even if the Court were to set aside the collateral waiver and consider the merits of Petitioner's claims, it would find: (1) that Descamps does not newly recognize any right, and, as such, Petitioner could not have relied on the limitation period set forth in Section 2255(f)(3); (2) that the Government's waiver as to any challenge as to the retroactive application of Descamps does not address the salient issue of whether subsection (f)(3)'s first criterion was met, i.e., whether the decision recognized a new right; and (3) that even if the Government's waiver did apply to both criteria under subsection (f)(3), the waiver likely does not to bind the Court. See No. CR 06-382, 2015 WL 4489926 (W.D. Pa. July 23, 2015).

**III.     Conclusion**

Therefore, the Court finds that Petitioner cannot maintain his claims pursuant to Alleyne and Descamps because he has waived his right to do so.  Accordingly, in light of the Court's June 9, 2015 Order dismissing the other claims in Petitioner's motion, said motion is dismissed.  Moreover, because Petitioner waived his right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).


                                        s/Alan N. Bloch
                                        United States District Judge


Date:  August 31, 2015

ecf:    Counsel of record

cc:     Robert Shannonhouse, Fed. Reg. No. 09544-068
        FCI Beckley
        P.O. Box 350
        Beckley, WV 25813